UNITED STATES BANKRUPTCY COURT
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



12/19/2007

IN RE: §
 §
NATURE LEISURE TIMES, LLC, § CASE NO. 06-41357
 § (CHAPTER 7)
DEBTOR. §

**FINDINGS OF FACT AND CONCLUSION OF LAW REGARDING**
**TRUSTEE'S AMENDED MOTION TO SELL ASSETS FREE AND**
**CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND TO**
**ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

On December 17, 2007, came on for hearing the Amended Motion to Sell Assets Free and Clear of All Liens, Claims and Encumbrances and to Assume and Assign Executory Contracts and Unexpired Leases (the "Motion") filed by Christopher J. Moser, Trustee ("Trustee") and joined by Texas Parks & Wildlife ("TPW"). Counsel for Trustee, counsel for TPW and counsel for Hanover Financial and Roberts Opportunity (collectively referred to as "Hanover") appeared at the hearing in support of the Motion. Counsel for Clearview Ray Roberts LLC and Clearview Properties (collectively referred to as "Clearview") appeared in opposition to the Motion. Previously, the Court authorized the Trustee to solicit and accept bid qualification packages and to conduct an auction outside of the courtroom with respect to the Assets (as that term is defined in the Motion). In that regard, the Trustee advised the Court that the high bidder at the auction was Forever Resorts, LLC who bid one million nine hundred seventy-five thousand dollars ($1,975,000.00) to purchase the Assets and to Assume the Concession Agreement. The second highest bidder was Roberts Marina & Resorts, Ltd. who bid $1,950,000.00. The Trustee recommended that the Court approve the sale of the Assets and the Assumption of the Concession Agreement to Forever Resorts, LLC, the highest bidder, for the

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO SELL**

price of $1,975,000.00 provided that the closing of the sale take place on or before January 15, 2008.

The Court, after considering the recommendations of the Trustee, the evidence and the arguments of counsel, finds and concludes that the sale of the Assets to Forever Resorts LLC including the assumption and assignment of the Concession Agreement, is in the best interests of the Estate, is reasonable, fair and equitable and is an appropriate exercise of the Trustee's business judgment. In that regard, the Court makes the following Findings of Fact and Conclusions of Law:[1]

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a). This Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing, and the automatic stay of orders under Bankruptcy Rule 6004(h) shall not apply to this Order.

C. On August 29, 2006, Nature Leisure Times, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code with this Court.

D. Christopher J. Moser was thereafter appointed interim Chapter 7 trustee of the estate and he continues to serve in that capacity. The Trustee operates the Lantana Lodge located at Jordan State Park on Lake Ray Roberts in Denton County, Texas pursuant to the Amendment and Restatement of Lantana Lodge Contract (the "Concession Agreement") between Texas Parks and Wildlife Department and the Debtor, as the concessionaire.

---

[1] Findings of fact shall be construed as, and constitute, conclusions of law, and conclusions of law shall be construed as, and constitute, findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO SELL**

E. The record in this case reflects that the estate has not been generating sufficient cash flow to support operations and, as a result, the Trustee has been using deposits for future weddings and other events to operate the Lantana Lodge facility.

F. On September 20, 2007, the Court entered the Agreed Order Approving Bidding Procedures for Sale of Debtor's Assets wherein the Court approved the procedures for the Trustee to hold an auction on December 12, 2007 and set the hearing to approve the sale of the Debtor's Assets and the 1.17 Acre Tract on December 17, 2007. The notice of the Motion and the Hearing was adequate, reasonable, good and sufficient under the circumstances and no other or further notice of the Motion or the entry of this Order is required or need be given.

G. A full, fair, and reasonable opportunity has been afforded any interested party to make a higher and better offer for the Assets. The sales price of $1,975,000 constitutes the highest bid at the auction.

H. The Court finds that the sale price to be paid by Forever Resorts, LLC for the Assets described in the Motion is the both adequate and reasonable under the circumstances.

I. The Court finds that Forever Resorts, LLC is a good faith purchaser under §363(m) of the Bankruptcy Code and, as a good faith purchaser, is entitled to the protections of such section.

J. Sale of the Assets to Forever Resorts, LLC is in the best interest of the estate and represents an arms-length, good faith negotiation and transaction within the meaning of §363(m) of the Bankruptcy Code.

K. An objection to the Motion was filed by Craig Henderson on behalf of Clearview Ray Roberts LLC and Clearview Properties. Following a full evidentiary hearing, the Court overrules the objection in its entirety.

**FINDINGS OF FACT AND CONCLUSTIONS OF LAW REGARDING MOTION TO SELL**

L. Clearview did not object to the Motion to Approve Bid Procedures which established the minimum price to bid at the auction. Accordingly, Clearview cannot now object to the adequacy of the price bid at auction in full compliance with the bidding procedures and in excess of the minimum bid by $350,000.00.

M. Good cause exists for granting the relief requested in the instant Motion seeking this Court's approval of the sale of the Assets.

N. The proposed sale is governed by §363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." In *In re Continental Air Lines, Inc.,* 780 F.2d 1223 (5th Cir.1986), the Fifth Circuit held that when a proposed use, sale, or lease of assets is outside the ordinary course of business, there must be "business justifications" for the proposed transaction. The Court in this case approves the relief requested in the Motion as being within the Trustee's business judgment and in the best interest of the Debtor's bankruptcy estate.

O. This Court has the power under the Bankruptcy Code to approve the sale of assets pursuant to §363(b) and (f) free and clear of interests. In particular, §363(f) of the Bankruptcy Code permits a sale of property of the estate free and clear of an interest in the property, including a lien or security interest, if:

1. applicable law permits the sale of the property free and clear of such interest;
2. such entity consents;
3. such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on that property;
4. such interest is in bona fide dispute; *or*
5. such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

The language of §363(f) is in the disjunctive such that a sale free and clear of an interest can be approved if any one of the aforementioned conditions contained in §363(f) are satisfied.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO SELL**

    P.    The Court finds and concludes that the requisites of section 363(f) have been met.

    Q.    The sale shall be free and clear of all interests with all such interests, to the extent valid and enforceable, to attach to the sales proceeds to the same extent and priority.

    R.    Exigent circumstances exist for the Court to have the order effective immediately in that estate has negative cash flow and the Trustee, albeit with notice to all creditors and parties in interest, has been forced to operate the estate using monies belonging to third parties (those funds being cash deposits for future weddings and other functions and monies due and owing to TPW as franchise fees). The Court finds that, despite the Trustee's best efforts to maintain operations at the Lantana Lodge, such use of the funds cannot be allowed to continue.

## II. CONCLUSION

A separate order granting the Motion shall be entered consistent with these Findings of Fact and Conclusions of Law.

Signed on 12/19/2007

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE